

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00147-CR
_____

ALEC SIMS-KING AKA ALEC CERDA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 33963CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Alec Cerda[1] pled guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). Cerda was placed on deferred adjudication community supervision for ten years. Later, the State alleged that Cerda violated the terms and conditions of his community supervision and moved to adjudicate his guilt and revoke his community supervision.

Cerda pled true to the allegation of the new offense, and the State abandoned the other two allegations. After a contested hearing for punishment, the trial court found the State's allegation true, revoked Cerda's deferred adjudication community supervision, found him guilty of aggravated assault with a deadly weapon, and sentenced him to twenty years' imprisonment. Cerda appeals.

Cerda's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]We refer to Appellant as Cerda because he testified that he changed his last name to Cerda after being placed on deferred adjudication community supervision.

On February 27, 2025, counsel mailed to Cerda copies of the brief, the motion to withdraw, and the appellate record. Cerda was informed of his rights to review the record and file a pro se response. By letter dated April 22, 2025, this Court informed Cerda that his pro se response was due on or before May 22, 2025, following Cerda's filing of a motion for an extension of time to file the pro se response. On June 13, 2025, we further informed Cerda that the case would be set for submission on July 7, 2025. We received neither a pro se response from Cerda nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we affirm the trial court's judgment.[2]

Jeff Rambin
Justice

Date Submitted: July 7, 2025
Date Decided: August 5, 2025

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

3